**In re PHONOMETRICS, INC., Petitioner.**

**No. 639, 640, 641, 642, 645, 646, 648, 649, 652, 653, 654, 655.**

United States Court of Appeals, Federal Circuit.

Jan. 3, 2001.

Before MAYER, Chief Judge, CLEVENGER and RADER, Circuit Judges.

ORDER

RADER, Circuit Judge.

Phonometrics, Inc. submits applications "for review by Federal Circuit" that this court treats as petitions for writs of mandamus to direct the United States District Court for the Southern District of Florida to vacate its order denying Phonometrics'

motion to disqualify the district court judge. Inter–Continental Hotels Corporation, Red Lion Hotels, Inc., RHI, Inc., Hyatt Corporation, Westin Hotel Co.,* Accor North America Corporation, and Holidays Inns, Inc. oppose. Phonometrics replies.

■ Phonometrics first argues that it can appeal the district court's October 24, 2000 order denying Phonometrics' motion to disqualify because the district court certified its October 24, 2000 order for immediate appeal. However, the district court's statement, following its determination that Phonometrics was merely disagreeing with various rulings and that such a disagreement is not a ground for disqualification, is clearly not a certification of the order for immediate appeal under 28 U.S.C. § 1292(b). In its October 24 order, the district court stated that "[t]he plaintiff has full recourse to the appellate process to seek reversal of any of this Court's rulings." The district court did not grant permission to seek an "immediate" appeal or state that there was a controlling question of law as to which there is substantial ground for difference of opinion under 28 U.S.C. § 1292(b). That section provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its

discretion, permit an appeal to be taken from such order . . . .

■ Phonometrics requests, in the alternative, that if appeal is not proper this court should treat the applications for review as mandamus petitions. The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. *In re Calmar, Inc.,* 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, *Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa,* 490 U.S. 296, 309, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989), and that the right to issuance of the writ is "clear and indisputable," *Allied Chemical Corp. v. Daiflon, Inc.,* 449 U.S. 33, 35, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980).

Phonometrics primarily attacks previous district court rulings as the basis for its asserted "bias." Phonometrics also argues that the district court did not follow proper procedures in denying the motion to disqualify. These arguments are not sufficient to trigger this court's review by mandamus.

Accordingly,

IT IS ORDERED THAT:

Phonometrics' petitions are denied.

---

* The motion for an extension of time to file Hyatt's and Westin's oppositions is granted.